UNITED STATES of America,
Plaintiff-Appellee,

v.

Hughie Glenwood STOCKS, a/k/a
Antoine E. Charles,
Defendant-Appellant.

No. 78–5667
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 26, 1979.

Theodore J. Sakowitz, Federal Public Defender, Paul M. Korchin, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Jack V. Eskenazi, U. S. Atty., Samuel J. Smargon, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

Appellant was convicted on four counts of violating 18 U.S.C. § 2314 and § 2315 by transporting from New York to Florida stolen money orders (Count I) and a check printer used to alter the money orders (Count III) and by concealing and storing the stolen money orders (Count II) and the check printer (Count IV). His appeal asserts that the district court erred in refusing to suppress the check printer and the money orders. We AFFIRM.

The facts of the case constitute a good illustration of the method whereby one carrying with him the evidence of criminal activity may invite the discovery of that evidence by law enforcement officials. Appellant and two companions were sitting in the automobile, in which the evidence was later found, stopped in a line of traffic alongside a Dade County Public Safety Department automobile in which Officer Gil-

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

bert Thomas was seated as the driver. In plain view of the officer, one of the passengers displayed a cigarette rolling paper in his left hand and a small envelope in his right hand from which he was pouring into the cigarette paper a substance recognized by the officer as marijuana. Thus confronted with a display of illegal activity, the officer caused appellant to stop his car beside the road.

During an interview with the occupants of the vehicle, neither had the complete or partially-rolled marijuana cigarette visible, so the officer glanced into the vehicle where he saw the cigarette paper and what appeared to be marijuana around and down the sides of the front seat. There was also, in plain view, that which appellant would not have wished the officer to see. Two small brown boxes were clearly visible. They had openings, like slots, in them through which clearly identifiable money orders could be observed. They appeared to be packages of blank money orders usually found on the premises of banks and others who issue money orders but not, in unused form, in an automobile. Further, appellant displayed a rental contract for the vehicle which appeared to have been altered, reasonably indicating to the officer that the vehicle was not properly in the possession of appellant. Therefore, the officer impounded the vehicle and, in doing so, he carefully inventoried its contents according to established and recognized procedures for the law enforcement officers of Dade County. One of the items thus properly seen and inventoried was the check printer described in the indictment.

The initial stop of the vehicle was based on probable cause produced by the possession of apparent contraband visible to the officer. When the contraband was discovered and was being recovered, the money orders were plainly visible. It was proper to impound the vehicle for which no proper proof of ownership could be produced, and the routine inventory search of this impounded vehicle was proper. The activities of the occupants of the vehicle in plain view of Officer Thomas produced the lawful and expected action on his part which lead inevitably to the discovery of the money orders and check printer and they were properly admitted as evidence.

Appellant urges that the factual situation here was similar to the facts found in *Government of Canal Zone v. Bender*, 573 F.2d 1329 (5th Cir. 1978). In *Bender*, however, the occupants of the vehicle did not display to the law enforcement officer any contraband or illegal conduct leading that officer to an investigation of the interior of the vehicle in which they had been seated.

AFFIRMED.